UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RONALD BROWN** | **CASE NO. 6:22-CV-00728** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

Before the Court is a "Rule 12(B)(6) Motion" (Doc. 9) filed by Ashley Barber wherein Barber moves to dismiss the instant lawsuit because (1) Louisiana law does not impose a duty on an insurance claims adjuster to an insured; (2) an insurance company cannot delegate its duty of care toward an insured to an insurance adjuster; (3) plaintiff will be unable to establish personal liability against Barber because all alleged acts complained of, were in the course and scope of her employment with State Farm Fire and Casualty Company ("State Farm").

### INTRODUCTION

In his Petition for Damages,[1] Plaintiff allege the following: "On or about September 23, 2020,[2] Hurricane Laura struck Carencro, Louisiana causing severe damage."[3] During the relevant time period, State Farm insured the home and contents.[4]

---

[1] Doc. 1-1.
[2] The Court notes that Hurricane Laura made landfall on August 27, 2020.
[3] *Id.* ¶ 7.
[4] *Id.* ¶ 6.

On or about October 16, 2020, State Farm adjuster, Ashley Barber, inspected the property and created an estimate of damages dated October 19, 2020.[5] During the inspection, Barber accessed the metal roof and allegedly caused damage to the roof while walking on it. Plaintiff also alleges that Barber missed certain damages on her first inspection, which she discovered on her second inspection. Plaintiff has named Barber as defendant in this lawsuit asserting claims of negligence.

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to

---

[5] *Id.* ¶ 12.

dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Plaintiff asserts that at all times, Barber was an employee of State Farm, such that State Farm is responsible and liable for her actions or omissions and commissions pursuant to the doctrine of respondeat superior/vicarious liability.[6]

Under Louisiana law, an employer is liable for torts committed by its employee if the employee was acting within the course and scope of the employee's employment. State Farm maintains that as Barber's former employer, State Farm is vicariously liable for the alleged conduct of its employee. State Farm remarks that the alleged acts were closely connected in time, place, and relation to Barber's employment duties and therefore attributable to State Farm's business, as it allegedly occurred while she was inspecting the home for the insurance claim filed by Plaintiff with State Farm.

State Farm cites *LeBrane v. Lewis*, 292 so.2d 216 (La. 1974). In *LeBrane*, the Louisiana Supreme court concluded that the employer was liable in tort to third persons injured by the supervisor employee's actions. The court relied on the following factors: (1) whether the tortious act was primarily employment rooted; (2) whether the act was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment. *LeBrane v. Lewis*, 292 So.2d at 218.

The acts of which Plaintiff complain occurred while Barber was inspecting the home as an employee of State Farm, during her working hours. Plaintiff makes no allegations

---

[6] Petition, ¶ 53, Doc. 1-1.

otherwise. The Court finds that Barber was acting in the course and scope of her employment with State Farm.

Next, Plaintiff contends that Barber was negligent because she failed to include damage that she missed in her first inspection. "[T]here is generally no cause of action against an insurance adjuster for processing and handling an insurance claim." *Hoffman v. Ellender*, 2015 WL 4873342, at *4 (M.D. La. July 23, 2015) (*quoting Munsterman v. State Farm Fire & Cas. Co.*, (E.D. La. Jan. 3, 2007). "An insurance adjuster may be held liable under Louisiana law … where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information." *Hoffman*, 2015 WL 4873342, at *5 (*quoting Munsterman*, 2007 WL 29183, at *1. Plaintiff has not alleged any facts that would suggest a fraud claim.

## CONCLUSION

Because Barber was acting in the course and scope of her employment with State Farm, State Farm is vicariously liable. Moreover, there are no facts alleged to hold Ashley Barber individually liable. Accordingly, the Court will grant State Farm's Motion to Dismiss Plaintiff's claims against Ashley Barber.

**THUS DONE AND SIGNED** in Chambers this 16th day of June, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE